IN THE DISTRCT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Betty H. Lominick, as Personal Representative )<br>of the Estate of Henry Wayne Lominick, Deceased, )<br>        )<br>        Plaintiff,        )<br>        )<br>    versus        )<br>        )<br>Michelin Tire, Michelin PPO, United States    )<br>Postal Services, and Blue Cross Blue Shield    )<br>Federal Employee Program,        )<br>        )<br>        Defendants.        ) | **OPINION and ORDER**<br><br>C/A No. 8:11-945-TMC |

This matter comes before the court pursuant to that Motion for Summary Judgment filed by Defendant, Blue Cross Blue Shield Federal Employee Program (hereinafter referred to as "BCBS") (Dkt. # 18); that Motion for Summary Judgment filed by Michelin PPO and Michelin Tire (hereinafter collectively referred to as "Michelin") (Dkt. # 20); and that Motion to Dismiss filed by the United States Postal Services (hereinafter referred to as "USPS") (Dkt. # 28).

For the reasons set forth below, the court determines that said Motions should be granted.

## BACKGROUND

The Plaintiff is the duly appointed Personal Representative of the Estate of Henry Wayne Lominick, deceased. Plaintiff filed an action in the Probate Court for Newberry County, South Carolina, seeking a determination as to responsibility for certain debts owed to various health care entities which provided services to the decedent. Said providers have filed claims against the estate in the Probate Court. The Plaintiff alleged that the decedent, during his lifetime, had been employed with a tire company which was ultimately acquired by Michelin Tire, as well as the USPS. The action was removed to the United States District Court for the District of South Carolina by Defendant, Michelin, with the consent of the other Defendants. (Dkt. # 1). The basis

for removal was preemption of the Plaintiff's claim by § 502(a) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter referred to as "E.R.I.S.A."), 29 U.S.C. § 1132(a).

The Plaintiff initially brought this action as Personal Representative of the Estate of Mr. Lominick seeking benefits that she claims the Estate is owed by the Defendants based upon medical expenses incurred while he was employed by Michelin and USPS. There is no dispute that Mr. Lominick was a retiree of a predecessor company to Michelin and that he was eligible to participate in a welfare benefit plan through Michelin that provided medical and prescription drug benefits to eligible retirees and their eligible dependents.

Prior to his death, Mr. Lominick was also employed by the USPS for a period of time and, while employed with USPS, was enrolled in the Federal Employee Health Benefit Plan. Pursuant to an agreement with the federal government, Blue Cross Blue Shield of South Carolina administered the plan.

## LEGAL STANDARD

**Summary Judgment**. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The court, in considering a motion for summary judgment, must view the facts in the light most favorable to, and draw all reasonable inferences in favor of, the non-moving party. *EEOC v. Central Wholesalers, Inc.*, 573 F. 3d 167 (4th Cir. 2009).

**Rule 12(b)(1) Motion**. The Plaintiff has the burden of proving that subject matter exists. When a Defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ.

P., the district court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The court should grant such a motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Circ. 1991).

### MOTION FOR SUMMARY JUDGMENT FILED BY BCBS

Defendant, BCBS, asserts that it is entitled to summary judgment as a matter of law because the Plaintiff's claims relate to the payment of benefits under a Federal Employee Health Benefit base plan, such that any disputes relating to claims made to the plan are preempted by the Federal Employee Health Benefit Act (FEHBA). The court is inclined to agree.

The Federal Employee's Health Benefit Program is administered by the Office of Personnel Management (hereinafter referred to as "OPM") pursuant to the FEHBA, 5 U.S.C. Section 8901-8914, which authorizes the OPM to contract with private carriers to offer various plans to federal employees. OPM has contracted with Blue Cross Blue Shield Service Benefit Plan, administered by local Blue Cross Blue Shield companies, such as Blue Cross Blue Shield of South Carolina, for claims administration services.

In the event of a dispute concerning a claim for benefits, the regulations implementing the FEHBA require the exhaustion of administrative remedies by covered individuals, both with the carrier and OPM, before seeking judicial review. 5 C.F.R. Section 890.105(a)(1); 5 C.F.R. Section 890.1.107(d)(1). The OPM's administrative review process for denied claims is mandatory. *Caudill v. Blue Cross and Blue Shield*, 999 Fed. 2d. 74 (4th Cir. 1993).

Plaintiff's allegations that BCBS has improperly denied benefits due the decedent under his FEHBA-Health Benefit Plan must be pursued through appropriate administrative remedies.

Once such administrative remedies are exhausted, if the claimant desires to pursue litigation, that litigation must be pursued against OPM, and BCBS is not a proper party to such litigation. Pursuant to the FEHBA, litigation to review final action by OPM must be brought against OPM and not the health benefits carrier.  5 U.S.C. Section 8912, *Burgin v. Office of Personnel Management*, 120 F.3rd 494 (4th Cir. 1997).  Accordingly, BCBS should be dismissed as a party to this action.

## MOTION FOR SUMMARY JUDGMENT FILED BY MICHELIN

The Motion for Summary Judgment filed by Michelin is grounded upon the assertion that the relief sought by the Plaintiff falls under the mandate of the Employees Retirement Income Security Act of 1974 (E.R.I.S.A.), 29 U.S.C. Section 1001, *et seq.*  The court finds that the Complaint against Michelin, which alleges only state law claims, is preempted by E.R.I.S.A and must be dismissed.

The decedent was, at one time, an employee of a company which was acquired by Michelin Tire North America, Inc. and, as a retiree of a predecessor company to Michelin, was eligible to participate in the company's welfare benefit plan providing medical and prescription drug benefits to eligible retirees and dependents.  It is undisputed that said plan is an E.R.I.S.A. governed welfare benefit plan.

E.R.I.S.A. provides the exclusive remedy for an employee contesting a decision regarding benefits under an employee welfare benefit plan.  *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41 (1987).  Because this case involves a challenge to a decision concerning benefits under an employee welfare benefit plan, it is governed by E.R.I.S.A, which preempts and supersedes "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan".  29 U.S.C. Section 1144(a).  The United States Supreme Court has held

that E.R.I.S.A. and federal law provide the exclusive remedy for an employee contesting a decision regarding benefits under an employee benefit plan. *Pilot Life,* 41 U.S. at 52. The court has held that E.R.I.S.A is the exclusive vehicle for actions by E.R.I.S.A.-plan participants and beneficiaries asserting improper processing of a claim for benefits. An E.R.I.S.A. welfare benefit plan participant must both pursue and exhaust plan remedies before gaining access to the federal courts. *Makar v. Health Care Corp.*, 872 F.2d 80 (4th Cir. 1989). Accordingly, the Motion for Summary Judgment should be granted.

## MOTION TO DISMISS BY USPS

USPS also asserts that pursuant to Fed. R. Civ. P. 12(b)(1), the action should be dismissed because the Plaintiff has failed to exhaust her administrative remedies under the FEHBA. As required by 5 C.F.R. Section 890.105 and pursuant to 5 C.F.R. Section 890.107(c), suits contesting the denial of health benefits under the FEHBA must be brought against OPM and not against the carrier or the carrier's subcontractor. USPS asserts that it is not a proper party to this action as a matter of law.

As previously noted, the decedent was at one time, an employee of the United States Postal Service. While employed with USPS, Mr. Lominick enrolled in the Federal Employees Health Benefit Plan (FEHBA). Pursuant to a contract with the federal government, Blue Cross Blue Shield of South Carolina administered the plan. FEHBA was enacted by Congress to establish a comprehensive program to provide federal employees and retirees with subsidized health care benefits. In enacting the FEHBA, Congress delegated authority to OPM to negotiate health benefit contracts with carriers to promulgate regulations and to administer the program. 5 U.S.C. Section 8906, 8909. Pursuant to the provisions of the FEHBA, the OPM is given

responsibility for contracting with private carriers and interpreting plans to determine carrier liability in an individual case.  5 U.S.C. 8901, *et seq*.

To make a claim for payment, a covered person must submit a claim to the carrier of the plan.  If the plan denies benefits, the claim is submitted for reconsideration.  If reconsideration is denied, the beneficiary may seek review by OPM.  If OPM denies the claim, the claimant may seek judicial review of the decision.  5 C.F.R. Section 890.105(a)(1), *et seq*.  In such actions for judicial review, the OPM is the proper party, not the employer.  The Plaintiff's dispute as to payment or nonpayment of benefits is not a matter to be determined by the United States Postal Service, which is the former employer of the decedent.  Litigation seeking review of final action by OPM, once administrative remedies are exhausted, must be brought against OPM and not against the carrier, the carrier's subcontractor or agency employer.  Until administrative remedies are exhausted through appropriate channels and until OPM has denied such benefits, this court lacks subject matter jurisdiction to entertain the Plaintiff's claim.  5 C.F.R. Section 890.107(c).  Accordingly, the Motion of USPS should be granted.

## PLAINTIFF'S RESPONSE

In her response to the Motions for Summary Judgment and the Motion to Dismiss filed by the Defendants, the Plaintiff acknowledges that under the Code of Federal Regulations enacted pursuant to the FEHBA, the proper administrative procedure for the filing of claims was not followed.  The Plaintiff asserts that it would be inequitable and contrary to the notions of justice and fair play to deny coverage, alleging that the insurers erroneously believed the decedent was covered by Medicare.  Plaintiff also argues excusable neglect.  The Plaintiff cites no legal authority upon which the court might rely to avoid dismissal of her claims in light of the

applicable law cited by the Defendants. The Plaintiff also concedes that BCBS and USPS are not proper parties to the action.

This court expresses no opinion, for purposes of entry of this Order, as to the coverage or non-coverage of the decedent's claims by the plans in effect at the time of his employment with the respective entities identified herein. The court is not unsympathetic to the Plaintiff's plight. However, the court is constrained by the controlling law governing her claims.

## CONCLUSION

For the reasons stated above, the court has determined, pursuant to the standards set forth herein, that the Motions for Summary Judgment and Motion to Dismiss must be granted. Accordingly, the Motion for Summary Judgment by Blue Cross Blue Shield Federal Employee Program (Dkt. # 18) is **GRANTED**. Further, the Motion for Summary Judgment by Michelin PPO and Michelin Tire (Dkt. # 20) is **GRANTED**. Further, the Motion to Dismiss filed by the United States Postal Service (Dkt. # 28) is **GRANTED**.

Provided, however, this Order shall be without prejudice to the right of the Plaintiff to pursue to such remedies, if any, as may be available under appropriate administrative remedies and/or applicable law.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Judge, United States District Court

Greenville, SC
January 25, 2012